HOWARD R. SANFORD, as Trustee in Bankruptcy of the ST. LAWRENCE MARINE REPAIR DOCK CORPORATION, Respondent, v. JOHN J. BOLAND, Appellant, and FRANK M. ROSS and Others, Defendants.— This is an appeal from an interlocutory judgment of the Supreme Court, St. Lawrence County, dated December 2, 1940, and adjudging among other things that the defendant John J. Boland is jointly and severally liable to the plaintiff for the fair and reasonable market value of certain personal property, ordering a reference to determine the amount of such fair and reasonable value and directing upon the coming in of the referee's report that the plaintiff have final judgment against the defendant John J. Boland for the amount so found by the referee. The St. Lawrence Marine Repair Dock Corporation gave a mortgage to John J. Boland, Frank M. Ross and James Playfair on January 2, 1931, covering the real and personal property of the said St. Lawrence Marine Repair Dock Corporation. The mortgage was filed in the St. Lawrence county clerk's office and in the office of the city clerk of the city of Ogdensburg, where the property was located. The mortgage was given to secure the notes of the corporate mortgagor. The corporate mortgage covering both real and personal property was not filed and refiled as a chattel mortgage so as to constitute a valid lien upon personal property. It was not excepted from such refiling under section 231 of the Lien Law because it was given to secure notes and not a bond or bonds. The mortgage was later foreclosed and the property was sold at public auction and was bid in by Frank M. Ross who assigned his bid to the Algonquin Paper Corporation which paid the purchase price and received a conveyance of the property almost immediately. A voluntary petition in bankruptcy was filed by the St. Lawrence Marine Repair Dock Corporation and the plaintiff, Howard R. Sanford, was appointed trustee and authorized to begin an action to secure for the general creditors the personal property so sold on the ground that the chattel mortgage had ceased to be a lien against the general creditors. The court, in the first trial, decided that the Algonquin Paper Corporation, being a purchaser in good faith at a judicial sale, was to be protected but held that the plaintiff was entitled to recover against James Playfair, Frank M. Ross and John J. Boland and ordered a reference to determine the value of the personal property. That reference was had and a final judgment was entered. John J. Boland then made an application to set aside the judgment against him on the grounds that the attorney appearing for him was not authorized to do so although he was one of the plaintiffs in the foreclosure action. The court made an order opening the interlocutory and final judgment and providing for a second trial. That order was accepted by all parties and the second trial was had upon practically

the same evidence as was taken at the first trial and as the result of the second trial the interlocutory judgment appealed from was granted. The. evidence in the case supports the findings of the interlocutory judgment and the judgment should be affirmed, with costs. Judgment affirmed, with costs. Crapser, Bliss and Foster, JJ., concur; Hill, P. J., and Heffernan, J., dissent.